UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| ASHLEY CUMMINGS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 19-CV-0536-CVE-JFJ |
| SAMUEL MARTIN, M.D., 12 & 12 INC., BRYAN DAY, and OSU CENTER FOR HEALTH SCIENCES,[1] | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant Oklahoma State University Center for Health Sciences's (OSU-CHS) motion to dismiss for lack of subject matter jurisdiction (Dkt. # 10). OSU-CHS argues that plaintiff's state law negligence claim is barred by Eleventh Amendment sovereign immunity, and that plaintiff's case against it should be dismissed for lack of subject matter jurisdiction. Plaintiff has not filed a response, and her time to do so has expired; however, the Court will consider the merits of plaintiff's claim against OSU-CHS.

**I.**

The facts plaintiff alleges in her complaint (Dkt. # 1) are as follows: plaintiff was a licensed practical nurse, working for 12 & 12, Inc., where she was assigned to work with Samuel Martin, M.D. Dkt. # 1, at 3. Dr. Martin was an employee of OSU-CHS, and his services had been loaned to 12 & 12, Inc. Id.

---

[1] This defendant has been directed to file a notice of party name correction. See Dkt. ## 13, 22.

Plaintiff alleges that Dr. Martin conducted himself in numerous inappropriate ways toward her, including talking about his money, talking about nurses getting fired, and asking about plaintiff's marriage, allegedly asking if she was happy. Id. Dr. Martin also allegedly masturbated in front of plaintiff three times. Id. at 3-4. When plaintiff took smoke breaks with her male co-worker, Dr. Martin would allegedly get upset and make comments that the co-worker was plaintiff's boyfriend. Id. at 4. Dr. Martin allegedly wanted to know where plaintiff was at all times and where she had been, and he allegedly tried to Facetime her one evening. Id. On Halloween 2018, plaintiff was wearing a costume, and Dr. Martin allegedly made the comment, "Do you realize you have easy access?" and pointed toward the buttons and flap on the backside of plaintiff's outfit. Id. at 4-5. Dr. Martin allegedly told plaintiff that his wife had left him, and asked plaintiff to leave her husband and move in with him. Id. at 5.

On January 9, 2019, plaintiff informed the human resources department of 12 & 12, Inc. of her concerns about Dr. Martin's alleged behavior. Id. Two representatives of the department allegedly opened an investigation and found plaintiff's claims to be substantiated. Id. However, when two other representatives of 12 & 12, Inc. found out about the investigation, they allegedly performed another investigation and found otherwise. Id. They allegedly destroyed the documents from the first investigation and replaced them with fabricated documentation. Id. Plaintiff was then fired from her position with 12 & 12, Inc. Id. at 6.

Plaintiff filed this lawsuit alleging sex discrimination against 12 & 12 Inc.; hostile work environment against 12 & 12 Inc.; retaliation against 12 & 12 Inc.; a state law negligence claim against OSU-CHS; intentional infliction of emotional distress against Dr. Martin and 12 & 12 Inc.; and tortious interference with contract, business relations, and economic expectancy against Dr.

Martin and Bryan Day, one of the representatives of 12 & 12 Inc. who allegedly performed the second investigation. Id. at 6-12.

Plaintiff states in her complaint that she "presented a tort claim to [OSU-CHS]. [OSU-CHS] acknowledged it was Dr. Samuel Martin's employer but denied the claim on June 28, 2019 with a deemed denial date of May 29, 2019." Id. at 2. Plaintiff further states that she "was given the right to sue letter on August 20, 2019." Id. OSU-CHS moves to dismiss the state law negligence claim against it for lack of subject matter jurisdiction based on sovereign immunity.

## II.

Sovereign immunity is a limitation on the Court's subject matter jurisdiction, and defendant's motion should be considered as a challenge to the Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). See Clymore v. United States, 415 F.3d 1113, 1118 n.6 (10th Cir. 2005). Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Here, defendant has facially attacked the sufficiency of the complaint's allegations as to the existence of subject

3

matter jurisdiction over plaintiff's claim for relief under the Oklahoma Governmental Tort Claim Act (OGTCA). In analyzing such a motion to dismiss, the Court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). This is the same standard of review applied to motions arising under Fed. R. Civ. P. 12(b)(6). See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

### III.

Plaintiff's claim against OSU-CHS is based upon the OGTCA. See Dkt. # 1, at 2. However, plaintiff claims that subject matter jurisdiction is based upon supplemental jurisdiction. Id. at 1. OSU-CHS argues that it is immune from plaintiff's negligence claim under the doctrine of sovereign immunity because the State of Oklahoma does not consent to be sued in federal court under the supplemental jurisdiction statute. Dkt. # 10, at 2-3.

Under the OGTCA, state governmental entities can be sued for their negligence. See Smith v. City of Stillwater, 328 P.3d 1192, 1198 (Okla. 2015). The OGTCA adopted the doctrine of sovereign immunity, subject to certain exceptions. OKLA STAT. tit. 51, § 152.1(A)-(B). However, the OGTCA states that "it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution." OKLA STAT. tit. 51, § 152.1(B). The Tenth Circuit has held that "[t]he waiver of immunity in the OGTCA extends only to the State of Oklahoma's immunity in its own courts;" it does not extend to federal courts. Harris v. Okla. Office of Juvenile Affairs ex rel. Cent. Okla. Juvenile Ctr., 519 Fed. App'x. 978, 980 (10th Cir. 2013) (unpublished)[2]

---

[2]   This unpublished opinion is not precedential, but it may be cited for its persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

4

(emphasis in original). Therefore, the State of Oklahoma does not consent to be sued under the OGTCA in federal court based upon a state claim only, and the Court lacks subject matter jurisdiction over plaintiff's negligence claim. See id. Accordingly, the Court finds that OSU-CHS's motion to dismiss for lack of subject matter jurisdiction (Dkt. # 10) should be granted.

**IT IS THEREFORE ORDERED** that defendant OSU Center for Health Sciences's motion to dismiss for lack of subject matter jurisdiction (Dkt. # 10) is **granted**. A judgment of dismissal is entered herewith.

**DATED** this 18th day of December, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE